IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) <br> ) <br> CORNERSTONE MANAGEMENT PARTNERS, ) <br> ) <br> INC. ) <br> ) <br> **Debtor.** ) <br> ) <br> ) | Case No. 19-20031-DRD11 <br><br> Chapter 11 |

**INTERIM ORDER WITH RESPECT TO THE SALE OF CERTAIN SHARES OF STOCK FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Cornerstone Management Partners, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry of an order approving the sale of certain shares of stock (the "CNI Shares") free and clear of liens, claims, interests and encumbrances and granting related relief, pursuant to sections 105(a), 363 and 364 title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court being satisfied, based on representations made in the Motion and in the First Day Declaration, that the interim relief sought in the Motion pending a final hearing is reasonable and appropriate in the circumstances; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the interim relief requested therein has been provided in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and that no other or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

further notice is necessary; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor may, but is not required to, request from the Buyer, and the Buyer may provide to the Debtor, in the Buyer's discretion, an additional cash deposit toward the Cash Purchase Price of up to $85,000.00 (the "Additional Cash Deposit") pending a final hearing on the Motion. The Additional Cash Deposit shall be applied against the Cash Purchase Price under the SPA to the extent the SPA is approved and the transactions contemplated thereby close. In the event the transactions contemplated under the SPA do not close, the Additional Cash Deposit shall be fully refundable to the Buyer.

3. The Court finds that the Debtor has established a need for the Additional Cash Deposit and that the Debtor could not obtain unsecured credit without granting such credit priority over any or all administrative expenses of the kind specified in sections 503(b) or 507(b) of the Bankruptcy Code. Consequently, the Buyer's claim for a refund of any Additional Cash Deposit from the Debtor in the event the transactions contemplated under the SPA do not close shall be afforded treatment as a superpriority administrative expense claim with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of the Bankruptcy Code, pursuant to section 364(c)(1) of the Bankruptcy Code.

4. A final hearing on the Motion shall be held on February 21, 2019 at 9:00 a.m. (the "Final Hearing"). Any party in interest who wishes to object to the relief requested in the Motion shall do so in writing and filed with the Court on or by the date twenty-one (21) days

following the entry of this Order. Any written response the Debtor and/or the Buyer may wish to make to any objection shall be filed with the Court and served on counsel for the objector on or by the date one day before the date of the Final Hearing, provided, however, that the Debtor and/or the Buyer may also respond to any objections at the Final Hearing.

5. All matters pertinent to the Motion not expressly addressed by this Order are reserved for the final hearing.

6. No later than January 18, 2019, the Debtor shall mail notice of the Final Hearing to all parties in interest as required by Bankruptcy Rules 2002(a) and (c) and 6004(a), including, without limitation, all creditors and holders of equity interests in the Debtor.

7. In addition, no later than 24 hours after the date of this Order, the Debtor shall serve a copy of this Order on those persons and entities appearing on the Master Service List and, no later than 24 hours after such service, the Debtor shall file a certificate of service with the Court.

Dated: January 17, 2019

*/s/Dennis R. Dow*
HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Submitted and Approved By:

**SPENCER FANE LLP**

/s/ Ryan C. Hardy
Eric C. Peterson MO #62429
Ryan C. Hardy MO #62926
1 North Brentwood Boulevard, Suite 1000
St. Louis, MO 63105
(314) 863-7733
(314) 862-4656 – Fax
epeterson@spencerfane.com
rhardy@spencerfane.com

Scott J. Goldstein MO #28698

Zachary Fairlie MO #68057
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax
sgoldstein@spencerfane.com
zfairlie@spencerfane.com

*Proposed Counsel to the Debtor and
Debtor-in-Possession*